IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

GLORIA VILLANUEVA,              )
                                )
                 Plaintiff,     )
                                )
     v.                         )     No.  07 C 4626
                                )
VILLAGE DISCOUNT OUTLET, INC.,  )
                                )
                 Defendant.     )

            SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

     Gloria Villanueva's counsel has moved that this Court reconsider the adverse summary judgment ruling in its October 28, 2009 memorandum opinion and order ("Opinion").  That motion calls for one apologetic correction:  In writing the Opinion this Court had not recalled its earlier oral authorization to Villanueva's counsel to eschew strict compliance with this District Court's LR 56.1 requirements, so that the critical comment on that score at Opinion 2-3 was not appropriate.  But as Opinion 3-4 made clear, that oversight made no difference at all in the outcome, because the entire Opinion expressly credited all admissible evidence that Villanueva's counsel had tendered, as well as drawing all reasonable inferences in her favor.

     As to the substance of the motion, however, if Villanueva's counsel did indeed misunderstand the posture of the case before the Opinion was issued, that mistake must be laid at counsel's doorstep.  In fact, promptly after Villanueva's summary judgment response had been filed in early June 2009, this Court conducted

its previously-scheduled June 10 status hearing[1] and ordered a reply within 14 days. It concluded that June 10 status hearing in this fashion:

> THE COURT: Okay. Again, what kind of time frame would you need for the reply?
>
> MR. HANSEN [Village Discount's counsel]: Your Honor, with respect to the issues that you raised, if I could have 14 days.
>
> THE COURT: Okay. I will give that to you. So that means June 24th. And then I am not setting any further schedule because, as you know, once the thing is fully briefed, I will only -- people of a certain age will remember when you say when the cream rises to the top, which is no longer relevant, we will get at it as soon as it reaches its position and priority list. Okay?
>
> MR. SIEDLECKI [Villanueva's counsel]: Yes, Judge.
>
> THE COURT: Thank you very much.
>
> MR. HANSEN: Thank you, your Honor.

There was no ambiguity there: Once the reply was in hand, the motion was viewed as fully briefed. If Villanueva's counsel then had any reservations as to the motion being fully ripe for decision, counsel was entirely free to raise those reservations at any time thereafter. Instead silence descended, and when some

---

[1] That practice of setting a one-two schedule promptly, followed by a status hearing to see whether a reply is needed, rather than setting an automatic one-two-three sequence, is intended to see (1) whether the response (the number two brief) has identified a genuine issue of material fact, in which event no reply can undo the factual dispute and thus sustain summary judgment, or (2) whether the first two submissions have met head-on so as to obviate any need for a reply.

4-1/2 months later the cream had indeed risen to the top (that is, the motion had reached the stage of first priority among matters awaiting decision by this Court), the Opinion was issued.

In short, no valid ground for reconsideration has been proffered (see, e.g., <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Hence Villanueva's motion is denied.

                                         _____
                                         Milton I. Shadur
                                         Senior United States District Judge

Date: November 2, 2009